**UNITED STATES BANKRUPTCY COURT
DISTRICT OF VERMONT**

---

**In re:**

    **ERIC L. EATON and
    THERESA A. EATON,**
            **Debtors.**

Filed & Entered
On Docket
09/15/06

**Chapter 13 Case
# 05-11468**

---

**JAN M. SENSENICH, as Chapter 13
Trustee for the Bankruptcy Estate of
Eric L. Eaton and Theresa A. Eaton,
ERIC L. EATON AND THERESA A. EATON,**
            **Plaintiffs,**

    **v.**

**HOMEQ SERVICING CORP.,**
            **Defendant.**

**Adversary Proceeding
# 06-1022**

---

| *Appearances:* | Jan M. Sensenich, Esq. | Grant C. Rees, Esq. |
|---|---|---|
| | White River Junction, Vt. | Milton, Vt. |
| | *Chapter 13 Trustee, Plaintiff, pro se* | *For the Defendant* |

**MEMORANDUM OF DECISION
GRANTING TRUSTEE'S MOTION FOR SUMMARY JUDGMENT AND
DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

      Plaintiff Jan M. Sensenich, in his capacity as chapter 13 trustee (the "Trustee") of the estate of Eric L. Eaton and Theresa A. Eaton (the "Debtors"), initiated the instant adversary proceeding to determine the nature, extent, and validity of a lien held by the defendant, HomEq Servicing Corp. ("HomEq") (doc. # 1). The Trustee filed a motion for summary judgment asserting that HomEq's mortgage (the "Mortgage") lacks an acknowledgement, and thus is defective and avoidable pursuant to 11 U.S.C. § 544(a) (doc. # 11). In response, HomEq filed a cross motion for summary judgment, asserting that recent legislative changes in the requirements for conveyances supports a finding that the Mortgage is valid despite the lack of an acknowledgement (doc. # 14).

      For the reasons set forth below, the Court grants the Trustee's motion for summary judgment and denies HomEq's motion for summary judgment.

## JURISDICTION

The Court has jurisdiction over this adversary proceeding and the pending motions for summary judgment under 28 U.S.C. § 157(b)(2)(K).

## BACKGROUND FACTS

The pertinent facts are not in dispute. The Debtors conveyed the Mortgage to HomEq on July 21, 1998,[1] and it was thereafter properly recorded in the Danby Land Records (doc. # 12, ¶ 1). A copy of the Mortgage (doc. # 12, ¶ 2) was submitted with Trustee's complaint as "Exhibit A" (doc. # 12, ¶ 3). The parties stipulate Exhibit A "is a true and accurate image of the subject mortgage as it is found in the Danby, Vermont land records" (doc. # 12, ¶ 4). The Mortgage is not signed by any witnesses, nor is it signed by "any town clerk, notary public, master, county clerk, judge or register of probate" (doc. # 12, ¶¶ 5 and 6). No curative filings regarding the Mortgage were filed prior to the Trustee's filing of the instant complaint (doc. # 12, ¶ 7).

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper only if the record shows that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. See FED. R. CIV. P. 56(c); FED. R. BANKR. P. 7056. A genuine issue exists only when "the evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see also Celotex Corp. v. Catrett, 477 U.S. 317 (1986). The substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. See Anderson, 477 U.S. at 247. Factual disputes that are irrelevant or unnecessary are not material. See id. The court must view all the evidence in the light most favorable to the nonmoving party and draw all inferences in the nonmovant's favor. See Cruden v. Bank of New York, 957 F.2d 961, 975 (2d Cir. 1992). In making its determination, the court's sole function is to determine whether there is any material dispute of fact that requires a trial. See Anderson, 477 U.S. at 249; see also Palmieri v. Lynch, 392 F.3d 73, 82 (2d Cir. 2004); Delaware & Hudson Ry. Co. v. Conrail, 902 F.2d 174, 178 (2d Cir. 1990), cert. denied, 500 U.S. 928 (1991).

---

[1] Both parties have stipulated that the Debtors' granted HomEq the subject Mortgage on July 21, 1998 (doc. # 12, ¶ 1), however, the documents submitted to the Court reflect the Mortgage was executed on July 27, 1998 (doc. # 1, Ex. A).

## DISCUSSION

"Property interests are created and defined by state law. Unless some federal interest requires a different result, there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding." Butner v. United States, 440 U.S. 48, 55 (1979). Hence, the Vermont statute governing real estate conveyances applies to this proceeding.

That statute, 27 V.S.A. § 341(a), clearly sets forth three requirements a mortgage must meet to be valid: it "*shall* be signed by the party granting the same *and* acknowledged by the grantor before a town clerk, notary public, master county clerk, or judge or register of probate *and* recorded at length in the clerk's office of the town in which such lands lie." 27 V.S.A. § 341(a) (2003) (emphasis added). Recently, the Vermont legislature amended the statute to remove the requirement for a witness signature. HomEq asserts that this recent amendment warrants this Court's relaxation of the acknowledgment requirement, but cites no authority in support of this argument. The Court declines to adopt such an approach. The 2003 amendment demonstrates that the legislature could have removed the acknowledgment requirement, but it did not. The court has an obligation to follow the clear language of the Vermont statute, which mandates a mortgage must be acknowledged in order to be valid.

HomEq further argues this Court should extend the holding of Mortgage Lenders Network, USA v. Sensenich, 177 Vt. 592 (2004), and hold that the Mortgage is sufficient to put subsequent purchasers on notice and is thus, immune from avoidance by the Trustee despite the lack of a witness signature and acknowledgment. In Mortgage Lenders, the Vermont Supreme Court held:

> when a mortgage deed is defectively witnessed under 27 V.S.A. § 341(a) and 342, the recording of a foreclosure complaint pursuant to § 4523(b) and the subsequent issuance of a foreclosure decree, without timely appeal, puts all subsequent purchasers on inquiry notice as to the mortgagee's equitable interest in the subject property. Consequently, subsequent purchasers….cannot be considered bona fide purchasers without notice, and thus can acquire only the grantor's interest 'impeded with its attendant equity.'

Id. at 595. In essence, the Vermont Supreme Court declared that a mortgage lacking the witness requirement could still provide constructive notice and be found enforceable if recorded in compliance with 12 V.S.A. § 4523(b). However, while the legislature has eliminated the witness requirement under 27 V.S.A. § 341(a), it did not alter the requirement for an acknowledgement. Mortgage Lenders does not support HomEq's argument that unacknowledged mortgages are enforceable or its request for this Court to arbitrarily waive or ignore statutory requirements. The Court cannot extend Mortgage Lenders in violation of the plain statutory language. Any revisions to the requirements of 27 V.S.A. § 341(a) must be made by the legislative branch, not the courts.

This Court has recognized the right of a Chapter 13 trustee to use 11 U.S.C. § 554(a) to "avoid any transfer of property of the debtor…that is voidable." See <u>Sensenich v. Peoples Trust Company</u>, No. 02-01015, slip op. (Bankr. D. Vt. Aug. 9, 2002). Without the statutory requirement of acknowledgement being met, the Mortgage is defective and subject to avoidance by the Trustee under 11 U.S.C. § 544(a).

## CONCLUSION

Based upon the foregoing, the Court finds there are no material facts in dispute and hence, summary judgment is proper; the Mortgage held by HomEq was not properly acknowledged and thus, does not meet the statutory requirements of 27 V.S.A. § 341(a); the Mortgage is defective and therefore, is avoidable by a bankruptcy trustee under 11 U.S.C. § 554(a); and consequently, finds the Trustee is entitled to judgment as a matter of law. Accordingly, the Court grants the Trustee's motion for summary judgment and denies HomEq's motion for summary judgment. .

_____

September 14, 2006      Colleen A. Brown
Rutland, Vermont      United States Bankruptcy Judge